# United States District Court
**CAROLYN M. ROMANO**
Chief Probation Officer

**JACKSON OFFICE**
City Centre Building
200 S. Lamar St. Suite 500-North
Jackson, Mississippi 39201
TEL: (601) 965-4447
FAX: (601) 965-4508

Reply to: __JACKSON__

**SOUTHERN DISTRICT OF MISSISSIPPI**



**HATTIESBURG OFFICE**
701 North Main Street, Suite 320
Hattiesburg, Mississippi 39401-3471
TEL: (601) 582-5256
FAX: (601) 582-5262

**GULFPORT OFFICE**
2010 15th Street
Gulfport, Mississippi 39501-2022
TEL: (228) 563-1850
FAX: (228) 563-1870

July 28, 2009



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 14 2009
J.T. NOBLIN, CLERK
BY _____ DEPUTY

The Honorable Henry T. Wingate
Chief United States District Judge
Southern District of Mississippi
245 East Capitol Street, Suite 109
Jackson, Mississippi 39201

RE: **TURNER, Norman Dwayne**
Docket No. 3:00cr24WS-001
Supervised Releasee
Expiration: January 8, 2011
<u>**STATUS UPDATE-OFFENDER IN CUSTODY-RESPONSE REQUESTED**</u>

Dear Chief Judge Wingate:

After entering a guilty plea, on December 11, 2002, Your Honor sentenced the offender to sixty (60) months imprisonment and five (5) years supervised release for Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Special conditions of supervised release include participation in drug aftercare as recommended by the U.S. Probation Officer, completion of a general education development (GED) equivalency diploma, and completion of a vocational training program as directed by the U.S. Probation Officer.

Following imprisonment, Turner began a five (5) year term of supervised release on October 14, 2004. During the offender's initial term of supervised release, the offender tested positive for the use of Cocaine and Marijuana multiple times. Outpatient drug treatment proved unproductive, and the offender declined the Probation Office's offer of inpatient drug treatment. Due to continued positive drug tests, the writer petitioned the Court for a revocation hearing. On February 7, 2006, the offender appeared before the Court at a revocation hearing, and admitted to the violations alleged. Your Honor sentenced Turner to Ten (10) Months imprisonment, and a Fifty (50) Months reimposed term of supervised release. The offender completed his revocation sentence, and was released from custody on November 9, 2006.

On April 13, 2009 the writer submitted a petition to the Court for an arrest warrant based on the following violations of supervised release: 1) The offender was arrested March 11, 2008 for Sale of Cocaine. 2) The offender was arrested on December 30, 2008 for Possession of Cocaine with Intent to Distribute. 3) The offender tested positive for Marijuana. 4) The offender failed to report to the Probation Officer as directed. 5) The offender associated with a known convicted felon. Your Honor reviewed the petition, signed and filed such with the U.S. Clerk of Court on April 14, 2009.

On July 12, 2009, the offender was arrested by a Hinds County Sheriff's Deputy subsequent to a traffic stop. Currently, the offender is in the Hinds County Jail in Raymond, Mississippi. In addition to the above violations as referenced in the filed petition, the offender has been charged by the Washington County Sheriff's Office for a November 4, 2008 Armed Robbery and Aggravated Assault. Additionally, the writer is aware that the offender has been questioned by the Copiah County Sheriff's Office regarding a murder which occurred in Crystal Springs, Mississippi on March 6, 2009. Turner is a suspect in this crime, but has not been charged as of this writing.

In addition to the two (2) Hinds County Felony Drug charges, the Washington County Sheriff's Office has placed a hold on the offender. Additionally, the U.S. Marshal Service has placed a detainer on the offender due to Your Honor's pending supervised release violations warrant. Therefore, the offender is not subject to a bond.

As of this writing, neither of the primary Mandatory Condition violations (Hinds County State Drug Charges) as alleged on the petition have been resolved in Hinds County Circuit Court. At current, the writer is aware that no defense attorney will allow the offender to appear before Your Honor and admit on record to a pending felony drug violation. It is the writer's opinion that, at this time, if the Probation Office was to proceed with revocation proceedings on the violations as alleged, a hearing on the pending violations will take a significant amount of time, as various law enforcement officers from multiple agencies will be needed for testimony.

Due to the numerous issues and violations regarding this offender, the writer will be recommending the statutory maximum revocation sentence allowed in this case which is twenty-six (26) months. **It is the writer's recommendation that the Probation Office be allowed to monitor the status of the multiple pending State charges until some or all are resolved in the applicable Court.** It is this officer's intention to contact the Court at a later time for a hearing date in this case, and hopefully avoid a lengthy hearing which would be necessary if scheduled at this time.

Please indicate below the Court's desired course of action in this matter. Should Your Honor desire additional information regarding this case, please contact me at your convenience at 601-965-4447, extension 515.

Reviewed and Approved:

*Marty Williams*

Marty Williams, Supervising
U.S. Probation Officer

Respectfully Submitted,

*Jamie Newman*

Jamie Newman
U.S. Probation Officer

---

✓    Await resolution and disposition of pending criminal matters, and contact the Court at the appropriate time for a revocation hearing date.

_____    Correspond with the U.S. Attorney's Office for the issuance of a writ to take offender into Federal Custody, have U.S. Attorney issue subpoenas to applicable law enforcement officers for testimony in pending matters, and schedule a revocation hearing at this time.

_____    Other: _____

---

*Henry T. Wingate*
HENRY T. WINGATE
CHIEF U.S. DISTRICT COURT JUDGE

13 August 2009
DATE